IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| CHERRY DIETZMANN, Individually;<br>JASON ANDERSON, by and through<br>His Mother and Guardian, CHERRY<br>DIETZMANN; and DARLA ANDERSON,<br>By and through Her Mother and<br>Guardian, CHERRY DIETZMANN,<br><br>               Plaintiffs,<br><br>      vs.<br><br>CITY OF HOMER; the HOMER POLICE<br>DEPARTMENT; HOMER CHIEF OF POLICE<br>MARK ROBL; SERGEANT LAWRENCE KUHNS;<br>SERGEANT WILLIAM HUTT; OFFICER<br>DAVID SHEALY; OFFICER STACY LUCK;<br>JOHN and/or JANE DOE HOMER POLICE<br>OFFICERS 1-10; STATE OF ALASKA;<br>ALASKA STATE TROOPERS; ALASKA<br>STATE TROOPER ARTHUR "TOM"<br>DUNN; ALASKA STATE TROOPER VIC<br>AYE; ALASKA STATE TROOPER<br>DETECTIVE DAVID SHERBAHN;<br>ALASKA STATE TROOPER MICHAEL<br>HENRY; ALASKA STATE TROOPER<br>CAPTAIN TOM BOWMAN; ALASKA<br>STATE TROOPER INVESTIGATOR<br>DAVID HANSON; ALASKA STATE<br>TROOPER INVESTIGATOR TIM<br>HUNYOR; ALASKA STATE TROOPER<br>INVESTIGATOR EUGENE FOWLER;<br>ALASKA STATE TROOPER<br>INVESTIGATOR SCOTT BRIGGS;<br>ALASKA STATE TROOPER TRAVIS<br>BORDNER; ALASKA STATE TROOPER<br>INVESTIGATOR ROBERT HUNTER;<br>ALASKA STATE TROOPER<br>INVESTIGATOR MARK PEARSON;<br>ALASKA STATE TROOPER<br>INVESTIGATOR MICHELYN GRIGG;<br>ALASKA STATE TROOPER SGT.<br>RANDY McPHERRON; ALASKA<br>STATE TROOPER INVESTIGATOR | CITY DEFENDANTS' ANSWER<br>AND THIRD PARTY COMPLAINT |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

ERIC BURROUGHS; JOHN and/or )
JANE DOE ALASKA STATE TROOPERS )
11-20, )
　　　　　　　　　　　　　　　　 )
　　　　　　Defendants. )
　　　　　　　　　　　　　　　　 )
　　　　　　And )
　　　　　　　　　　　　　　　　 )
CITY OF HOMER )
　　　　　Defendant/Third- )
　　　　　Party Plaintiff )
　　　　　　　　　　　　　　　　 )
　　　　　　vs. )
　　　　　　　　　　　　　　　　 )
UNITED STATES OF AMERICA, UNITED )
STATES MARSHAL'S OFFICE, KEVIN )
GUINN, JOHN OLSON JR., AND JASON )
ANDERSON SR. )
_____) Case No. 3KN-08-156 CI

## ANSWER

COME NOW Defendants CITY OF HOMER, HOMER POLICE DEPARTMENT, HOMER POLICE CHIEF MARK ROBL, SERGEANT LAWRENCE KUHNS, SERGEANT WILLIAM HUTT, OFFICER DAVID SHEALY, and OFFICER STACY LUCK, by and through their attorney, FRANK S. KOZIOL, and hereby respond to Plaintiffs' Complaint dated February 26, 2008 as follows:

### I. PARTIES

1. Answering Defendants decline to respond to these allegations since legal conclusions are asserted without a response necessary. If a response is required, Answering

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants deny the allegations, including the denial of any allegation of culpable conduct.

2. Answering Defendants admit the allegations set forth in the first two sentences of this paragraph. Answering Defendants deny the allegations set forth in the third sentence based upon lack of specificity.

3. Answering Defendants admit the allegations set forth in the first sentence of this paragraph. Answering Defendants decline to respond to the allegations set forth in the second sentence as the allegations are directed to other defendants.

4. Answering Defendants admit the allegations except deny any allegation of culpable conduct.

5. Answering Defendants admit the allegations except deny any allegation of culpable conduct.

6. Answering Defendants admit the allegations except deny any allegation of culpable conduct.

7. Answering Defendants admit the allegations except deny any allegation of culpable conduct.

8. Answering Defendants admit the allegations except deny any allegation of culpable conduct.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

9. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

10. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

11. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

12. Answering Defendants admit the allegations accept to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

13. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

14. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

15. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 4 of 18

16. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

17. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

18. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

19. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

20. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

21. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

22. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 5 of 18

Case 3:09-cv-00215-RJB   Document 1-2   Filed 10/27/09   Page 5 of 18

Exhibit A
Page 5 of 18

23. Answering Defendants admit the allegations except to decline responding to allegations of culpable conduct since those allegations are directed at another defendant.

24. Answering Defendants deny the allegations based upon lack of specificity and specifically deny any negligent and/or reckless conduct.

25. Answering Defendants deny the allegations based upon lack of specificity.

26. Answering Defendants deny the allegations directed to them based upon lack of specificity and decline to respond to allegations made against other defendants.

27. Answering Defendants are without knowledge sufficient to answer these allegations and therefore deny the allegations.

28. Answering Defendants deny the allegations directed to them and decline to respond to allegations directed to other defendants.

29. Answering Defendants decline to respond to these allegations directed at non-parties, but assert that such allegations provide a basis for apportionment of fault under AS 09.17.080 if proved true. Answering Defendants, based upon

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

information and knowledge, believe that Plaintiffs have filed U.S. administrative claims against several persons and/or entities.

## II. PREAMBLE AS TO CULPABLE CONDUCT, CAUSES OF ACTION & DAMAGES

Preliminarily, Answering Defendants deny the allegations throughout this "preamble" due to lack of specificity since Plaintiffs describe the conduct of "certain of the defendants and/or employees or agents of the defendants aided and abetted by other law enforcement" and "Officers and/or employees and/or agents of defendants" without asserting which defendants or non-parties are referenced. Also, Answering Defendants deny any culpable conduct that is directly asserted or implied throughout this "preamble." Furthermore, Answering Defendants generally deny the damage claims set forth based upon a lack of knowledge.

Notwithstanding this general denial, Answering Defendants admit the following:

A. On March 1, 2006 law enforcement officials, including some of Answering Defendants, attempted to arrest Jason Anderson Sr. at the Homer Airport in Homer, Alaska.

B. Minor Jason Anderson II was a passenger in a car

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 7 of 18

operated by his father, Jason Anderson, Sr. Jason's sister, Darla Anderson, was also in the car. Jason Anderson was a fugitive under indictment and his apprehension was sought.

C. Guns were drawn after Jason Anderson Sr. drew his weapon. Certain law enforcement officers fired into Jason Anderson Sr.'s vehicle. Multiple bullets penetrated the vehicle, including some that struck Jason Anderson Sr. who died as a result of a self-inflicted gunshot. Minor Jason Anderson II was struck in the head by a gunshot fired by Jason Anderson Sr. which caused severe injury.

Answering Defendants deny any remaining allegation.

### III. MORE SPECIFIC FACTS

30. Answering Defendants admit the allegations except deny, based upon lack of knowledge, the allegations regarding the license plate number.

31. Answering Defendants admit that Jason Anderson II and Darla Anderson were in the back seat of the vehicle, but deny, based upon lack of knowledge, the remaining allegations.

32. Answering Defendants admit the allegations.

33. Answering Defendants admit the allegations.

34. Answering Defendants admit the allegations as to March 1, 2006, but deny the remaining allegations.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 8 of 18

35. Answering Defendants deny the allegations made in reference to Answering Defendants. Answering Defendants are without information sufficient to form a belief as to the other defendants.

36. Answering Defendants deny the allegations made in reference to Answering Defendants. Answering Defendants are without information sufficient to form a belief as to the other defendants.

37. Answering Defendants deny the allegations made in reference to Answering Defendants. Answering Defendants are without information sufficient to form a belief as to the other defendants.

38. Answering Defendants deny the allegations made in reference to Answering Defendants. Answering Defendants are without information sufficient to form a belief as to the other defendants.

39. Answering Defendants deny the allegations made in reference to Answering Defendants. Answering Defendants are without information sufficient to form a belief as to the other defendants.

40. Answering Defendants deny the allegations made in reference to Answering Defendants. Answering Defendants are

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 9 of 18

without information sufficient to form a belief as to the other defendants.

41. Answering Defendants admit the allegations, but deny "in spite of the foregoing information" and deny the "confronted him" in that Jason Anderson Sr. drew his weapon upon seeing a law enforcement officer.

42. Answering Defendants admit the allegations.

43. Answering Defendants admit that Jason Anderson II was struck by a bullet in the head, but deny the remaining allegations based upon lack of knowledge.

44. Answering Defendants deny the allegations based upon lack of knowledge.

45. Answering Defendants deny the allegations based upon lack of knowledge.

46. Answering Defendants deny the allegations based upon lack of knowledge.

47. Answering Defendants deny the allegations based upon lack of knowledge.

48. Answering Defendants deny the allegations based upon lack of knowledge.

FRANK S. KOZIOL
ATTORNEY AT LAW
616 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 10 of 18

49. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

50. Answering Defendants deny the allegations and deny, based upon lack of specificity, the allegations regarding vicarious liability.

51. Answering Defendants decline to respond to these allegations which are directed to other defendants.

52. Answering Defendants decline to respond to these allegations which are directed to other defendants.

53. Answering Defendants decline to respond to these allegations which are directed to other defendants.

54. Answering Defendants decline to respond to these allegations which are directed to other defendants.

### IV. NEGLIGENCE AND/OR RECKLESSNESS AND/OR OTHER CULPABLE CONDUCT

55. Answering Defendants incorporate by reference all their responses to Paragraphs 1 through 54 as if fully restated herein.

56. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 11 of 18

57. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

58. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

59. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

60. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

61. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

62. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

63. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 12 of 18

64. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

### V. PUNITIVE DAMAGES

65. Answering Defendants incorporate by reference all their responses to Paragraphs 1 through 64 as if fully restated herein.

66. Answering Defendants deny the allegations directed to Answering Defendants. Answering Defendants decline to respond to allegations directed to other defendants.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed with prejudice.

### SECOND AFFIRMATIVE DEFENSE

Jason Anderson Sr. was comparatively at fault pursuant to AS 09.17.080 and Plaintiffs' claims should be apportioned accordingly.

### THIRD AFFIRMATIVE DEFENSE

As per the allegations in Plaintiffs' Complaint at paragraph 29, if said allegations are true, these non-parties should have fault apportioned to them pursuant to AS 09.17.080.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 13 of 18

FOURTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to immunity pursuant to applicable statutes and the common law.

FIFTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to add further affirmative defenses as discovery may reveal are available to them.

WHEREFORE, having responded to Plaintiffs' Complaint, Defendants CITY OF HOMER, HOMER POLICE DEPARTMENT, HOMER POLICE CHIEF MARK ROBL, SERGEANT LAWRENCE KUHNS, SERGEANT WILLIAM HUTT, OFFICER DAVID SHEALY, and OFFICER STACY LUCK request the following relief:

1. That Plaintiffs' Complaint be dismissed with prejudice.

2. That Answering Defendants recover reasonable costs and attorney's fees incurred in defending this action.

3. For any other relief this Court deems just.

THIRD-PARTY COMPLAINT

The City of Homer, as Defendant and Third-Party Plaintiff, alleges its Third-Party Complaint against Third-Party Defendants United States of America, United States Marshal's

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Office, Kevin Guinn, John Olson Jr., and Jason Anderson Sr. as follows:

1. Third-Party Plaintiff City of Homer incorporates by reference the allegations set forth in Plaintiffs' complaint and its answers as if fully set forth herein.

2. Plaintiffs have alleged in paragraph 29 of their complaint that various described federal employees and their employees were negligent, reckless, and/or otherwise engaged in culpable conduct that legally caused damages to the Plaintiffs. Subsequent to these allegations, Plaintiffs have filed claims against the United States of America, the United States Marshal's Office, Kevin Guinn, and John Olson Jr. in the United States District Court for the District of Alaska in Anchorage, Case No. 3:09-cv-00019-RJB.

3. Jason Anderson Sr., now deceased, was the father of Plaintiffs Jason Anderson and Darla Anderson. Jason Anderson Sr. was negligent, reckless, and/or intentionally engaged in culpable conduct that legally caused damages to Plaintiffs. Upon information and belief, there has been no estate or other legal entity established for Jason Anderson Sr. Under AS 09.17.080(a)(2), Jason Anderson Sr. is an "other person responsible" for Plaintiffs damages. However, Jason Anderson Sr.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

is not a person that the parties have a "sufficient opportunity to join" in this lawsuit under subsection (a)(2)(A)(B) and (C) because he is not within the jurisdiction of the court, is precluded by law from being joined, and is not reasonably locatable.

4. Third-Party Plaintiff and Defendant City of Homer has denied liability for Plaintiffs' claims.

5. If and to the extent that Plaintiffs' alleged damages are determined to have been legally caused, in whole or in part, by the fault or culpable conduct of the United States of America, the United States Marshal's Office, Kevin Guinn, and John Olson Jr., then the City of Homer is not liable and/or is entitled to an apportionment of fault and damages as to these third-party defendants pursuant to AS 09.17.080. Plaintiffs' damages and recovery, if any, should be denied or reduced accordingly.

6. Jason Anderson Sr. was negligent, reckless, and/or engaged in intentional culpable conduct which legally caused damages to the Plaintiffs. Under AS .09.17.080, the City of Homer is not liable and/or is entitled to apportionment of fault and damages as to Jason Anderson Sr.

WHEREFORE, City of Homer, requests the following relief:

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

1. To the extent that Plaintiffs' alleged damages are determined to have been legally caused, in whole or in part, by United States of America, the United States Marshal's Office, Kevin Guinn, and John Olson Jr., the City of Homer seeks an apportionment of fault pursuant to AS 09.17.080 and any recovery against the City of Homer should be denied or reduced accordingly.

2. Under AS .09.17.080, the City of Homer is not liable and/or is entitled to apportionment of fault and damages as to Jason Anderson Sr.

3. Such other relief that the Court deems just and proper.

DATED at Anchorage, Alaska, this 29 day of Sept., 2009.

LAW OFFICE OF FRANK S. KOZIOL
Attorney for Defendants
City of Homer, Homer Police Department, Homer Chief Mark Robl, Sergeant Lawrence Kuhns, Sergeant William Hutt, Officer David Shealy, and Officer Stacy Luck

By: _____
Frank S. Koziol
ABA No. 7210054

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 17 of 18

THIS IS TO CERTIFY that a copy of the foregoing was served by mail upon Pamela S. Sullivan, Esq., Marion C. Kelly, Esq., Phillip Paul Weidner, Esq., Jonathan Woodman, at their addresses of record, this 29 day of Sept., 2009.

_____
Frank S. Koziol

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Answer
*Dietzmann, et al. v. City of Homer, et al.*, Case No. 3KN-08-156 CI
Page 18 of 18