IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

FILED in Trial Court
State of Alaska, Third District
at KENAI, ALASKA

FEB 27 2008

Clerk of the Trial Courts
By _____ Deputy

CHERRY DIETZMANN, Individually; )
JASON ANDERSON, by and through )
His Mother and Guardian, CHERRY )
DIETZMANN; and DARLA ANDERSON, )
By and through Her Mother and Guardian, )
CHERRY DIETZMANN, )
)
Plaintiffs, )
)
v. )
)
CITY OF HOMER; the HOMER POLICE )
DEPARTMENT; HOMER CHIEF OF )
POLICE MARK ROBL; SERGEANT )
LAWRENCE KUHNS; SERGEANT )
WILLIAM HUTT; OFFICER DAVID )
SHEALY; OFFICER STACY LUCK; )
JOHN and/or JANE DOE HOMER POLICE)
OFFICERS 1-10; STATE OF ALASKA; )
ALASKA STATE TROOPERS; ALASKA )
STATE TROOPER ARTHUR "TOM" )
DUNN; ALASKA STATE TROOPER VIC )
AYE; ALASKA STATE TROOPER )
DETECTIVE DAVID SHERBAHN; )
ALASKA STATE TROOPER MICHAEL )
HENRY; ALASKA STATE TROOPER )
CAPTAIN TOM BOWMAN; ALASKA )
STATE TROOPER INVESTIGATOR )
DAVID HANSON; ALASKA STATE )
TROOPER INVESTIGATOR TIM )
HUNYOR; ALASKA STATE TROOPER )
INVESTIGATOR EUGENE FOWLER; )
ALASKA STATE TROOPER )
INVESTIGATOR SCOTT BRIGGS; )
ALASKA STATE TROOPER TRAVIS )
BORDNER; ALASKA STATE TROOPER )
INVESTIGATOR ROBERT HUNTER; )
ALASKA STATE TROOPER )
INVESTIGATOR MARK PEARSON; )

CASE NO. 3KN-08-___ CI

COMPLAINT

INGRE, KOLLY & SULLIVAN
745 W. 4TH AVE, SUITE 425
ANCHORAGE, AK 99501
(907) 561-7742
FAX (907) 563-9177

Complaint

1 | ALASKA STATE TROOPER )
INVESTIGATOR MICHELYN GRIGG; )
2 | ALASKA STATE TROOPER SGT. )
RANDY McPHERRON; ALASKA )
3 | STATE TROOPER INVESTIGATOR )
ERIC BURROUGHS; JOHN and/or )
4 | JANE DOE ALASKA STATE TROOPERS )
5 | 11-20, )
)
6 | Defendants. )
_____)

7

## I. PARTIES

8

1.  Plaintiffs, Cherry Dietzmann and the minors Jason Anderson II (DOB: 1/19/04)
9

10 and Darla Anderson (DOB: 9/8/06) (hereinafter collectively the "Dietzmann-Anderson
11 plaintiffs"), were harmed, and will be harmed, by defendants' culpable conduct as set out herein.
12 Jason Anderson II and Darla Anderson bring this action through their mother and guardian,
13 Cherry Dietzmann. Cherry Dietzmann brings this action individually, and on behalf of her two
14 minor children, Jason Anderson II and Darla Anderson.

15 2.  On information and belief, defendant City of Homer is a first-class city within the
16 Kenai Peninsula Borough, organized as provided under Alaska Statutes Title 29 and may be sued
17 under AS 29.35.010 and the common law. The defendant Homer Police Department is an
18 agency of the City of Homer. Said defendants are responsible and/or vicariously liable for the
19 acts of the Homer Police Officers and other law enforcement officers acting as their agents
20 and/or in conjunction with them and/or other agents and persons as to the attempted
21 apprehension referenced herein of Jason Anderson, Sr,
22

23 3.  On information and belief, defendant Alaska State Troopers, Division of
24 Department of Public Safety, is a division and/or agency of the defendant State of Alaska. Said
25

W.DE.KELLY & SULLIVAN
IS W 5TH AVE. SUITE 509
ANCHORAGE, ALBSKA
1907) 261-7740
FAX (907) 603-6371

Complaint

defendants are responsible and/or vicariously liable for the actions of the named Alaska State Troopers defendants and other law enforcement officers acting as their agents or employees and/or in conjunction with them and/or other agents and persons as to the attempted apprehension referenced herein of Jason Anderson, Sr.

4.     On information and belief, Sergeant Lawrence Kuhns, is and/or was at the time of the events referred to herein, an officer with the Homer Police Department, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

5.     On information and belief, Sergeant William Hutt is and/or was at the time of the events referred to herein an officer with the Homer Police Department, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

6.     On information and belief, Officer Stacy Luck is and/or was at the time of the events referred to herein an officer with the Homer Police Department, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

7.     On information and belief, Officer David Shealy is and/or was at the time of the events referred to herein an officer with the Homer Police Department, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

8.     On information and belief, Mark Robl, Homer Chief of Police, is and/or was at the time of the events referred to herein an officer with the Homer Police Department, and was

WADE, KELLY & SULLIVAN
425 W. 4TH AVE., SUITE A2B
ANCHORAGE, AK 99501
(907) 276-7778
FAX (907) 276-1477

Complaint

Case 3:09-cv-00215-RJB   Document 1-3   Filed 10/27/09   Page 3 of 22
Exhibit B
Page 3 of 22

14-03-2008  12:18  From-Homer Police  t.  907 235 3151  T-855  P.005/023  F-556

03/13/2008 12:07 FAX 907 258 7707
Mar/13 08 10:37a  Peninsula Reporting

2830481

005

p.6

1    and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of

2    Alaska, so as to subject him to the jurisdiction of this Court.

3        9.    On information and belief, Alaska State Trooper Arthur "Tom" Dunn is and/or

4    was at the time of the events referred to herein an officer with the Alaska State Troopers, and

5    was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of

6    Alaska, so as to subject him to the jurisdiction of this Court.

7        10.    On information and belief Alaska State Trooper Vic Aye is and/or was at the time

8    of the events referred to herein an officer with the Alaska State Troopers, and was and/or is a

9    resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to

10   subject him to the jurisdiction of this Court.

11       11.    On information and belief Alaska State Trooper Detective David Sherbahn is

12

13   and/or was at the time of the events referred to herein an officer with the Alaska State Troopers,

14   and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State

15   of Alaska, so as to subject him to the jurisdiction of this Court.

16       12.    On information and belief Alaska State Trooper Michael Henry is and/or was at

17   the time of the events referred to herein an officer with the Alaska State Troopers, and was

18   and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of

19   Alaska, so as to subject him to the jurisdiction of this Court.

20

21       13.    On information and belief Alaska State Trooper Captain Tom Bowman is and/or

22   was at the time of the events referred to herein an officer with the Alaska State Troopers, and

23   was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of

24   Alaska, so as to subject him to the jurisdiction of this Court.

25

WADE,KELLY & SULLIVAN
745 W. 4TH AVE., SUITE 420
ANCHORAGE, AK 99501
(307) 561-7743
FAX(307) 562-0877

Complaint

- - -4- - -

14.   On information and belief Alaska State Trooper Investigator David Hanson is and/or was at the time of the events referred to herein an officer with the Alaska State Troopers, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

15.   On information and belief Alaska State Trooper Investigator Tim Hunyor is and/or was at the time of the events referred to herein an officer with the Alaska State Troopers, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

16.   On information and belief Alaska State Trooper Investigator Eugene Fowler is and/or was at the time of the events referred to herein an officer with the Alaska State Troopers, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

17.   On information and belief Alaska State Trooper Investigator Scott Briggs is and/or was at the time of the events referred to herein an officer with the Alaska State Troopers, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of this Court.

18.   On information and belief Alaska State Trooper Travis Bordner is and/or was at the time of the events referred to herein an officer with the Alaska State Troopers, and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject him to the jurisdiction of the Court.

19.   On information and belief Alaska State Trooper Investigator Robert Hunter is and/or was at the time of the events referred to herein an officer with the Alaska State Troopers,

WADE, KELLY & SULLIVAN
A LAW FIRM, SUITE 425
ANCHORAGE, AK 90505
(807) 54⁻7⁻45
FAX (907) 566-6907

Complaint

1    and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State

2    of Alaska, so as to subject him to the jurisdiction of this Court.

3        20.    On information and belief Alaska State Trooper Investigator Mark Pearson is

4    and/or was at the time of the events referred to herein an officer with the Alaska State Troopers,

5    and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State

6    of Alaska, so as to subject him to the jurisdiction of this Court.

7        21.    On information and belief Alaska State Trooper Investigator Michelyn Griggs is

8    and/or was at the time of the events referred to herein an officer with the Alaska State Troopers,

9    and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State

10   of Alaska, so as to subject her to the jurisdiction of the Court.

11

12       22.    On information and belief Alaska State Trooper Sgt. Randy McPherron is and/or

13   was at the time of the events referred to herein an officer with the Alaska State Troopers, and

14   was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State of

15   Alaska, so as to subject him to the jurisdiction of this Court.

16       23.    On information and belief Alaska State Trooper Investigator Eric Burroughs is

17   and/or was at the time of the events referred to herein an officer with the Alaska State Troopers,

18   and was and/or is a resident of the State of Alaska and/or acting in a culpable fashion in the State

19   of Alaska, so as to subject him to the jurisdiction of this Court.

20       24.    Defendants John and/or Jane Does Homer Police Officers 1-10 are and/or were

21   Homer Police Department Officers involved in the negligent and/or reckless planning and

22   execution of the attempted arrest of Jason Anderson at the Homer Airport and/or post shooting

23   investigation of same, and were and/or are residents of the State of Alaska and/or acting in a

24

25

Complaint

culpable fashion in the State of Alaska, so as to subject them to the jurisdiction of this Court.

25.   Defendants John and/or Jane Does Alaska State Trooper 11-20 are and/or were Alaska State Troopers involved in the negligent and/or reckless planning and execution of the attempted arrest of Jason Anderson at the Homer Airport and/or post shooting investigation of same, and were and/or are residents of the State of Alaska and/or acting in a culpable fashion in the State of Alaska, so as to subject them to the jurisdiction of this Court.

26.   Defendant State of Alaska and/or defendant Alaska State Troopers and/or defendant City of Homer and/or defendant Homer Police Department and/or the other named defendants are responsible and/or vicariously responsible for the actions of John and/or Jane Doe Homer Police Officers 1-10 and John and/or Jane Doe State Troopers 11-20, and/or any other officers and/or agents of the defendants and/or other persons acting in conjunction with the officers who planned and/or attempted the apprehension and/or conducted the post shooting investigation of same.

27.   Alaska State Trooper Captain Tom Bowman, Alaska State Trooper Investigator David Hanson, Alaska State Trooper Investigator Tim Hunyor, Alaska State Trooper Investigator Eugene Fowler, Alaska State Trooper Investigator Scott Briggs, Alaska State Trooper Travis Bordner, Alaska State Trooper Investigator Robert Hunter, Alaska State Trooper Investigator Mark Pearson, Alaska State Trooper Investigator Michelyn Grigg, Alaska State Trooper Sgt. Randy McPherron, Alaska State Trooper Investigator Eric Burroughs, and certain of the other named defendants and/or John and/or Jane Does are and/or were assigned to and/or participated in and/or conducted the post-shooting investigation.

28.   Alaska State Trooper Captain Tom Bowman, Alaska State Trooper Investigator

WADE, KELLY & BALLIVAN
149 W. 4TH AVE., SUITE 420
ANCHORAGE, AK 99501
(907) 261-7744
FAX (907) 563-0877

Case 3:09-cv-00215-RJB   Document 1-3   Filed 10/27/09   Page 7 of 22   Exhibit B
                                                                         Page 7 of 22

1    David Hanson, Alaska State Trooper Investigator Tim Hunyor, Alaska State Trooper

2    Investigator Eugene Fowler, Alaska State Trooper Investigator Scott Briggs, Alaska State

3    Trooper Travis Bordner, Alaska State Trooper Investigator Robert Hunter, Alaska State Trooper

4    Investigator Mark Pearson, Alaska State Trooper Investigator Michelyn Grigg, Alaska State

5    Trooper Sgt. Randy McPherron, Alaska State Trooper Investigator Eric Burroughs, Homer

6    Police Chief Mark Robl, and certain of the other named defendants and/or John and/or Jane

7    Does, due to their acts and/or failure to act as to the post-shooting investigation, are culpable and

8    liable, as are the Alaska State Troopers and/or State of Alaska and/or Homer Police Department

9    and City of Homer, for spoliation of evidence as well as violations of the plaintiffs'

10   constitutional and/or statutory and/or common-law and/or Alaska Constitutional right to a full

11   and fair civil and criminal investigation given the shooting.

12

13        29.    Certain employees and/or agents of the United States Government and/or United

14   States Marshals acted individually and/or in conjunction with the defendants herein in planning

15   and/or attempting the apprehension of Jason Anderson, Sr., and are liable due to their negligent,

16   reckless and/or culpable conduct as to same, and for the damages the plaintiffs suffered thereby.

17   Appropriate claims have been filed under the applicable United States Code, statutes and

18   regulations, to wit, U.S. administrative tort claims in order to assert the rights of the plaintiffs as

19   a predicate to filing a federal lawsuit, if necessary.

20

21               ## II. PREAMBLE AS TO CULPABLE CONDUCT, CAUSES OF ACTION & DAMAGES

22        On or about March 1, 2006, certain of the defendants and/or employees or agents of the

23   defendants aided and abetted by other law enforcement, attempted to arrest Jason Anderson, Sr.

24   at the Homer Airport in Homer, Alaska.  Minor Jason Anderson II was a passenger in a car

25

Complaint

WADZUKELLY & SULLIVAN
P.O W. 4TH AVE. SUITE-CI
ANCHORAGE, AK 99499
(907) 341-3745
FAX (907) 345-0711

1   operated by his father, Jason Anderson, Sr. Jason's sister, Darla Anderson, was also in the car.

2   The father was a fugitive, under U.S. indictment, sought for apprehension. Certain law

3   enforcement officers and/or agents of the defendants had been told by Cherry Dietzmann (the

4   mother of minors Jason Anderson, II and Darla Anderson), and/or by others, that Anderson Sr.

5   was carrying a gun and had and/or would have his children in the car, and if apprehension was

6   sought in the presence of the children that they would most likely be harmed. Despite this, an

7   officer and/or officers initiated confrontation, by placing a law enforcement vehicle and/or

8   vehicles to block Mr. Anderson's vehicle, losing any element of surprise and leaving no

9   opportunity to safely extricate the children in the event the confrontation escalated, therefore,

10   placing lives of the children and many people at the Homer Airport in danger of great bodily

11   harm and injury. The Officers and/or employees and/or agents of defendants conducting the

12   attempted sting apprehension had knowledge that if they did so via the manner in which they had

13   initially planned and/or as they then planned and/or proceeded, the two minor children and the

14   many other people at the Homer Airport that day would be in serious danger of harm. The

15   defendants had such knowledge, given the suspect Jason Anderson Sr.'s history, as well as

16   intelligence information from federal agencies, state agencies or divisions, local authorities, and

17   warnings from Cherry Dietzmann and other acquaintances of Mr. Anderson and/or informants

18   and/or citizens.

19

20        The Officers knew, or should have known, that given the circumstances by and in which

21   Jason Anderson, Sr. was maintaining custody of the two minor children, that the children were at

22   grave risk of harm and injury if the Officers acted to attempt and/or re-attempt the apprehension

23   as they had planned and/or as they did and precipitate a confrontation with the children present,

WADE, KELLY & SULLIVAN
745 W. 4TH AVE., SUITE 426
ANCHORAGE, AK 99501
(LO7) 661-1743
FAX (907) 225-0071

Complaint

1    as they did.

2        Guns were drawn and the officers fired into Jason Anderson, Sr.'s vehicle. As a result of

3    the shootout, Jason Anderson, Sr. was killed. Multiple bullets penetrated the vehicle, including

4    many bullets penetrating Jason Anderson, Sr., and at least one bullet striking minor Jason

5    Anderson, II in the head, destroying one eye, and causing massive brain damage.

6    Notwithstanding the foreseeable harm, consequences, and circumstances, the arresting Officers

7    and/or certain employees and/or agents of the defendants proceeded in a culpable and/or

8    negligent and/or reckless fashion to plan, conduct, and attempt and/or re-attempt the

9    apprehension. Due to the nature of the information known as to Jason Anderson, Sr., there was

10    no sufficient urgency or other considerations to compel the Officers to act as they did. The

11    arresting Officers and/or certain employees and/or agents of the defendants negligently and/or

12    recklessly violated their duties and obligations to Jason Anderson II, Darla Anderson, and Cherry

13    Dietzmann in the apprehension process, and failed to use due care in planning, attempting,

14    and/or re-attempting to make this arrest in this manner, and they are liable for same, including

15    their culpable conduct before and during the attempted apprehension, and thereafter. As a

16    proximate cause of their culpable conduct, the minor Jason Anderson, II, his sister Darla

17    Anderson, and their mother Cherry Dietzmann suffered and will suffer grave harm,

18    psychological and physical injury, and personal and economic damages.

19

20        Plaintiffs seek all damages due as to all relevant causes of action under applicable law as

21    a result of the negligent, reckless, and/or culpable conduct of the defendants and the Officers in

22    planning, conducting, attempting, and/or re-attempting the apprehension, and all their negligent,

23    reckless, and/or culpable conduct, before, during, and after the confrontation with Jason

24

25

1  Anderson, Sr., and harm to Jason Anderson II, Darla Anderson, and Cherry Dietzmann,

2  including all economic, physical, psychological and emotional, and/or other derivative injuries

3  proximately caused by same, including all damages due, given the defendants' duties and

4  obligations to the plaintiffs, and the culpable violation by defendants of same.

5      Jason Anderson II suffered loss of his sight in one eye, and permanent and severe TBI

6  (Traumatic Brain Injury). He will need lifelong care, treatment, and assistance to meet his

7  special needs and disabilities and will suffer damages throughout his natural life.  Jason

8  Anderson II, through his mother, states a claim for such negligent, reckless, and/or culpable

9  conduct and violations of the defendants' duties and obligations, and for psychological and

10  physical harm and injury, negligent and/or reckless infliction of emotional distress, loss of

11  consortium, pain and suffering, past and future medical expenses, loss of opportunity for

12  employment, loss of earning capacity and enjoyment of life, loss of society and companionship,

13  and other relevant claims and damages, and he states and asserts claims for all causes and

14  damages of action due under the applicable law.

15

16      Darla Anderson, as a result of witnessing these horrifying events, and narrowly missing

17  injury herself (but being put in extreme apprehension of imminent bodily harm), has suffered

18  extreme psychological harm and injury, and emotional distress, and will suffer damages as to

19  same throughout her natural life.  As a result, Darla will require counseling and treatment

20  throughout the remainder of her natural life. Darla Anderson, through her mother, states and

21  asserts claims for all causes of action and damages due under the applicable law, reference such

22  culpable conduct, and violations of duties and obligations, and such psychological harm and

23  injuries, negligent and/or reckless infliction of emotional distress, and loss of consortium as to

24

25

WADE, KELLY & SULLIVAN
745 W 4TH AVE., SUITE 423
ANCHORAGE, AK 99501
(907) 279-7743
FAX (907) 343-8977

Complaint

Case 3:09-cv-00215-RJB   Document 1-3   Filed 10/27/09   Page 11 of 22
Exhibit B
Page 11 of 22

1  her brother Jason Anderson !I.

2      Cherry Dietzmann states and asserts a claim regarding defendants' negligent, reckless,

3  and/or culpable conduct, and defendants' violations of their duties and obligations; psychological

4  harm and injury; negligent and/or reckless infliction of emotional distress; loss of consortium

5  regarding the severe injury to her son, Jason Anderson, II; and psychological harm and emotional

6  distress; and emotional distress and loss of consortium related to her daughter, Darla Anderson.

7  Cherry Dietzmann did not have time to steel herself before witnessing Jason Anderson II, in

8  Providence Alaska Medical Center fighting for his life, or before witnessing her traumatized

9  daughter Darla Anderson. As a result, she suffered extreme psychological injury and emotional

10 distress and will continue to suffer same throughout her natural life. Cherry Dietzmann has

11 suffered, and will suffer in the future with reasonable certainty, by being deprived of the love,

12 companionship, comfort, affection, society, solace and moral support of her son Jason Anderson

13 II and her daughter, Darla Anderson.

14

15     The Officers and/or other defendants are liable due to the Tort of Outrage as to all three

16 plaintiffs. The defendants are also, as stated, liable for spoliation of evidence and denial of the

17 right to a full and fair civil and criminal investigation due under the applicable constitutional

18 provisions and statutes and common law. As to all three plaintiffs (Jason Anderson II, Darla

19 Anderson, and Cherry Dietzmann), Cherry Dietzmann states and asserts claims and damages for

20 all causes of action and damages due under the applicable law, reference such culpable conduct,

21 as to the negligent, reckless and/or culpable planning, conducting, attempts and re-attempts as to

22 the apprehension of Jason. Anderson, Sr., and violation of the duties and obligations of the

23 Officers to Jason Anderson II, Darla Anderson, and Cherry Dietzmann before, during, and after

24

25

Complaint

1    same as to such attempted apprehension and events. This includes all claims, causes of action,

2    and damages due under all applicable law.

3                              III. **MORE SPECIFIC FACTS**

4        30.    On or about March 1, 2006, plaintiffs Jason Anderson II and Darla Anderson

5    were back-seat passengers in a rental vehicle, license plate no. ENL 522, operated by their father,

6    Jason Anderson, Sr. at the Homer Airport in Homer, Alaska. Allegations as to license plate no.

7    ENL 522 and/or identification of said vehicle may be added by amending the complaint without

8    prejudice in light of proof.

9        31.    Plaintiffs, Jason Anderson II and Darla Anderson, were in baby or infant car seats

10   in the back seat of said vehicle, and were exercising all due and reasonable care at all relevant

11

12   times.

13       32.    Jason Anderson, Sr. was the driver of the rental vehicle.

14       33.    On information and belief, agents of certain defendants and/or law enforcement

15   officials, including certain of the above-named defendants and/or their agents, sought to arrest

16   Mr. Anderson.

17       34.    On information and belief, on and before March 1, 2006, the Homer Police

18   Department and/or certain of the above-named defendants and/or their agents were working and

19   cooperating and planning to apprehend and/or attempting to apprehend Jason Anderson, Sr.

20       35.    On or before March 1, 2006, the Defendants City of Homer, the Homer Police

21   Department, and Homer police Sgt. Kuhns, Sgt. Hutt, Officer Shealy, Officer Luck, certain of

22   the John and/or Jane Doe Homer Police Officers 1-10, the State of Alaska defendant, Alaska

23   State Troopers defendant, Alaska State Trooper Arthur "Tom" Dunn, Alaska State Trooper Vic

24

25

Complaint:

1    Aye, Alaska State Trooper Detective David Sherbahn, Alaska State Trooper Michael Henry,

2    Alaska State Trooper Captain Tom Bowman, and certain of Alaska State Troopers, AST

3    Investigator David Hanson, AST Investigator Tim Hunyor, AST Investigator Eugene Fowler,

4    AST Investigator Scott Briggs, Trooper Travis Bordner, AST Investigator Robert Hunter, AST

5    Investigator Mark Pearson, AST Investigator Michelyn Grigg, AST Sgt. Randy McPherron, AST

6    Investigator Eric Burroughs, and John and/or Jane Doe Alaska State Troopers 11-20, and/or their

7    agents or employees and/or persons acting in concert with them, had actual or constructive notice

8    that Jason Anderson, Sr. was armed with a gun and that a confrontation, while Jason Anderson,

9    Sr. had the children with him could lead to a dangerous situation.

10

11           36.    On or before March 1, 2006, the Defendants City of Homer, the Homer Police

12   Department, Sgt. Kuhns, Sgt. Hutt, Officer Shealy, Officer Luck, certain of the John and/or Jane

13   Doe Homer Police Officers 1-10, the State of Alaska defendant, Alaska State Troopers

14   defendant, Alaska State Trooper Arthur "Tom" Dunn, Alaska State Trooper Vic Aye, Alaska

15   State Trooper Detective David Sherbahn, Alaska State Trooper Michael Henry, Alaska State

16   Trooper Captain Tom Bowman, and certain of the Alaska State Troopers, Investigator David

17   Hanson, Investigator Tim Hunyor, Investigator Eugene Fowler, Investigator Scott Briggs;

18   Trooper Travis Bordner; Investigator Robert Hunter, Investigator Mark Pearson, Investigator

19   Michelyn Grigg, Sgt. Randy McPherron, Investigator Eric Burroughs, and John and/or Jane Doe

20   Alaska State Troopers 11-20, and/or their agents or employees and/or persons acting in concert

21   with them, had actual or constructive notice of where Jason Anderson, Sr. was living in Homer,

22   Alaska.

23

24           37.    On March 1, 2006, the City of Homer, the Homer Police Department, State of

25

HARTIG, RHODES, HOGE & LEKISCH
1001 W. 4TH AVE., SUITE 425
ANCHORAGE, AK 22002
(907) 381-7743
FAX (907) 980-3977

Complaint

1    Alaska, Alaska State Troopers, Sgt. Kuhns, Sgt. Hutt, Officer Shealy, and Officer Luck, and

2    certain of the named defendants, John and/or Jane Doe Homer Police Officers 1-10 and John

3    and/or Jane Doe Alaska State Troopers 11-20 had actual or constructive notice that that Jason

4    Anderson, Sr. was traveling in a black Jeep rental vehicle, and that he was traveling in that

5    vehicle with his children, Jason Anderson II and Darla Anderson.

6      38.    Given all the circumstances known or that should have been known, to the

7    officers, certain of the defendants, and/or their agents or employees, the plan devised and

8    attempted to implement to apprehend Jason Anderson, Sr., was culpable, defective, negligent,

9    reckless and likely to cause danger, harm and injury to the two minor children, Jason Anderson II

10    and Darla Anderson.    The Homer Police Department, State of Alaska, and Alaska State

11    Troopers, and certain of the named defendants, with such active and/or constructive knowledge,

12    still proceeded to attempt the apprehension in a defective and dangerous manner. The State of

13    Alaska, Alaska State Troopers, and certain of the named defendants, despite such knowledge,

14    were still standing by to, and in fact did, aid and abet the defective plan and attempt as to the

15    apprehension of Jason Anderson, Sr.

16      39.    In planning and attempting to execute said plan(s), it was apparent, or should have

17    been apparent, to certain of the officers and/or defendants that the plan was both initially

18    defective, and then went awry. Notwithstanding that, due to their initial plan going awry, the

19    increased danger to the children was foreseeable, certain of the officers and/or defendants

20    continued to proceed with the attempted apprehension.    Said officers and/or defendants

21    negligently, recklessly, and/or culpably failed to abort the plan. Certain of the officers and/or

22    defendants negligently, recklessly and/or with willful indifference, planned and proceeded with

WADE, KELLY & SULLIVAN
INC. IN. RD & AVE., SUITE 605
ANCHORAGE, AK 99501
(907) 58-7702
FAX (907) 562-4877

Complaint

Case 3:09-cv-00215-RJB   Document 1-3   Filed 10/27/09   Page 15 of 22   Exhibit B
Page 15 of 22

the plan in the first instance, and further, proceeded in such culpable fashion in failing to abort the plan.

40.    Certain of the officers and/or defendants continued to attempt an apprehension, notwithstanding the fact that it was foreseeable that the apprehension would be in the presence of the children, and consequently, the children would be subjected to foreseeable danger, harm and injury.

41.    In spite of the foregoing information, Sgt. Hutt, Officer Luck, Officer Shealy, and/or other officers drove their vehicles up to Anderson Sr.'s vehicle at the Homer Airport on March 1, 2006, and confronted him.

42.    Guns were drawn and a shootout ensued.

43.    During the shootout a bullet struck Jason Anderson II through his head and brain, causing him severe and permanent injuries, and extreme emotional distress.

44.    During the shootout, Darla Anderson was put in fear of losing her life; she witnessed her brother being shot and permanently injured; she witnessed her father being shot and killed; and she suffered extreme emotional distress.

45.    Plaintiff Cherry Dietzmann, who had been cooperating with law enforcement officials to apprehend Jason Anderson, Sr. and to secure the safe return of her children, Jason II and Darla Anderson, was told over the telephone that Jason II had been wounded and that Jason Anderson, Sr. had been killed. She was advised to meet her son at Providence Alaska Medical Center in Anchorage, where he was to be med-evacuated.

46.    At the hospital, doctors informed Cherry Anderson of the severity of Jason Anderson II's injuries and that he would probably die. Cherry Anderson did not have time to

TADD, KELLY & SULLIVAN
431 W. 4TH AVE., SUITE 425
ANCHORAGE, AK 99550
(907) 563-7770
FAX (907) 222-8977

Complaint

Case 3:09-cv-00215-RJB   Document 1-3   Filed 10/27/09   Page 16 of 22   Exhibit B
                                                                        Page 16 of 22

1  "steel" herself prior to seeing her son fighting for his life because of the bullet through his brain,

2  or prior to seeing her traumatized daughter Darla Anderson.

3      47.    Cherry Anderson suffered extreme emotion distress from this news, and

4  continued to experience mental pain and anguish from seeing Jason Anderson II endure multiple

5  surgeries, medical emergencies, and a devastating stroke, and suffering massive permanent

6  debilitating brain injuries, and from seeing her traumatized daughter Darla Anderson.

7      48.    Moreover, following the shootout, the State of Alaska assumed emergency

8  custody of Jason II and Darla Anderson, and placed Darla in foster care for nearly six weeks

9  after the shootout. As a result of being forcibly separated from Darla, Cherry Dietzmann

10  experienced emotional distress. Darla Anderson, in turn, suffered emotional distress from being

11  separated from her family for nearly six weeks after the traumatic events of March 1, 2006.

12

13      49.    All of the defendants and/or agents of the defendants and/or officers and/or

14  persons acting in concert with them, acted in a culpable fashion and/or contrary to reasonable

15  and/or standard police policies, procedures, custom, practice, and/or training in planning to

16  attempt to apprehend and/or attempting to apprehend Jason Anderson, Sr. at the time and in the

17  manner that they did, and in failing to suspend the decision to apprehend Anderson, Sr. when it

18  was reasonable that they should do so. As a direct and proximate result of their unreasonable

19  and culpable conduct, breaches of policy, procedure, custom, practice, training, and/or duty,

20  Jason Anderson II was permanently and catastrophically injured, and all of the plaintiffs suffered

21  and will suffer emotional distress, loss of consortium, economic loss, harm, and other damages.

22

23      50.    The Homer Police Department and/or the City of Homer are vicariously liable for

24  the actions of the Homer Police Officers and/or the other defendants and/or the arresting officers

25

WADE, KELLY & SULLIVAN
746 W. 4TH AVE. SUITE 470
ANCHORAGE, AK 99501
(907) 343-7100
FAX (907) 343-7177

Complaint

and/or their agents and/or persons acting in concert with them. The Homer Police Department
and the City of Homer are also directly liable for the failure to adequately train and/or supervise
and/or establish appropriate police practices and procedures to deal with a hostage situation
and/or arrest in the presence of innocent parties exposed to harm.

51.    The Alaska State Troopers and/or the State of Alaska are vicariously liable for the
actions of the Alaska State Troopers, the Homer Police Officers and/for the other defendants
and/or the arresting officers and/or their agents and/or persons acting in concert with them. The
Alaska State Troopers and the State of Alaska are also directly liable for the failure to adequately
train and/or supervise and/or establish appropriate police practices and procedures to deal with a
hostage situation and/or arrest in the presence of innocent parties exposed to harm.

52.    The State of Alaska callously, culpably, recklessly and negligently took Darla
Anderson away from her mother Cherry Dietzmann after the tragic shootout, further
exacerbating Cherry Dietzmann and Darla Anderson's emotional distress over the shootout, and
the horrible injuries incurred by Jason Anderson II. The State of Alaska is responsible for all
damages resulting thereof, including emotional distress and loss of consortium.

53.    Due to a manner in which the post-shooting investigation was conducted,
including the conflict of interest presented as to the investigators conducting same, and the
conduct of the investigators and certain of the defendants, the State of Alaska and/or Alaska
State Troopers, and the named Alaska State Troopers and certain of the defendants who
participated in said investigation in a culpable fashion, were and/or are culpable and liable for
spoliation of evidence and/or violation of plaintiffs' rights to full and fair civil and criminal
investigation under the applicable Alaska statutes and constitutional provisions and common law.

HAGE KELLY & SULLIVAN
149 W 4TH AVE. SUITE 433
ANCHORAGE, AK 99501
(907) 349-7743
FAX NO: 929-0007

Complaint

--- 18 ---

54.     This spoliation of evidence and/or failure to conduct an investigation included, but was not limited to, failing to properly interview witnesses in a timely fashion, collect physical evidence, preserve physical evidence, and record statements.

## IV.     NEGLIGENCE AND/OR RECKLESSNESS AND/OR OTHER CULPABLE CONDUCT

55.     Plaintiffs hereby re-plead, re-complain, re-state and re-allege and incorporate paragraphs 1 through 54 above as though fully set forth herein.

56.     The negligence and/or recklessness and/or culpable conduct of certain of the named defendants and/or their agents and/or persons acting in concert with them included, but was not limited to:

a.     devising and/or participating in a plan to apprehend Jason Anderson, Sr. that was defective and/or unreasonable and/or contrary to appropriate and/or reasonable and/or standard police policies, procedures, custom, practice, and/or training, and would forseeably lead to harm and injury of the plaintiffs.

b.     failing to suspend the decision to arrest Jason Anderson, Sr. and failing to retreat, and acting contrary to safe and reasonable attempts to apprehend Jason Anderson, Sr., when it became evident that Jason Anderson, Sr. could not be safely apprehended without unreasonable risk to Jason Anderson II and Darla Anderson;

c.     violations of other duties as will be revealed through discovery.

57.     The defendants' actions were not immune.

58.     As a direct and proximate result of the defendants' culpable conduct, negligence and/or recklessness, Jason Anderson II, and all of the plaintiffs, were seriously and permanently injured, and suffered, and will suffer, extreme emotional distress.

KNEE, KELLY & SULLIVAN
SMITH, 6TH AVE., SUITE 425
ANCHORAGE, AK 99503
(907) 244-7740
FAX (907) 522-6377

Complaint

Case 3:09-cv-00215-RJB   Document 1-3   Filed 10/27/09   Page 19 of 22   Exhibit B
Page 19 of 22

59.    As a direct and proximate result of the defendants' culpable conduct, negligence and/or recklessness, the plaintiffs suffered and will suffer injuries, incurred and will incur medical bills, and suffered and will suffer personal injuries and damages and economic damage.

60.    As a direct and proximate result of the defendants' culpable conduct, negligence and/or recklessness, the plaintiff Jason Anderson II suffered permanent and catastrophic disabilities, brain damage, gross disfigurement, and will require lifelong around-the-clock care for remainder of his natural life.

61.    As a direct and proximate result of defendants' culpable conduct, negligence and/or recklessness, the plaintiffs experienced and will suffer pain and mental anguish, in an amount to be proven at trial.

62.    As a direct and proximate result of the defendants' culpable conduct, negligence and/or recklessness, Cherry Dietzmann, the mother of Jason Anderson II, has been and will be deprived of the consortium, companionship, and care of her son and daughter, in an amount to be proven at trial.

63.    As a direct and proximate result of the defendants' culpable conduct, negligence and/or recklessness, Darla Anderson has been deprived of the consortium, companionship, and care of her brother, Jason Anderson II, and he of her, in amounts to be proven at trial.

64.    Defendants acted with negligence and/or extreme recklessness and/or outrageous disregard and/or with reckless indifference to the interests of another person concerning the likelihood of harm to persons such as the plaintiffs. As a direct and proximate result of that conduct, plaintiff Jason Anderson II was permanently and catastrophically injured and all of the plaintiffs suffered and will suffer extreme emotional distress and other damages set out and all

WADE, KELLY & BULLMAN
140 W. 4TH AVE., SUITE 425
ANCHORAGE, AK 99501
(907) 561-1743
FAX (907) 562-3677

Complaint

Case 3:09-cv-00215-RJB   Document 1-3   Filed 10/27/09   Page 20 of 22 Exhibit B
Page 20 of 22

damages caused by such culpable conduct.

## V. PUNITIVE DAMAGES

65.   Plaintiffs hereby re-plead, re-complain, re-state and re-allege and incorporate paragraphs 1 through 64 above as though fully set forth herein.

66.   The conduct of defendants and/or their employees and/or agents and/or persons acting in concert with them, individually, jointly and severally was willful, wanton, reckless and with reckless indifference and/or in deliberate disregard of the foreseeable consequences and the interests of other persons, and calls for the imposition of punitive damages against all defendants individually, jointly and severally who are subject to same under the law in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue, and harm to plaintiffs, and the net worth of the respective defendants.

WHEREFORE the plaintiffs seek the following relief:

a.    Compensatory damages on behalf of plaintiff Jason Anderson II against defendants jointly and/or severally in excess of $10,000,000, the exact amount to be proved at trial;

b.    Compensatory damages on behalf of plaintiff Darla Anderson in excess of $1,000,000 against defendants jointly and/or severally, the exact amount to be proved at trial;

c.    Compensatory damages on behalf of plaintiff Cherry Dietzmann in excess of $1,000,000 against defendants jointly and severally, the exact amount to be proved at trial;

WADE, KELL, T & FALLMAN
745 W. 4TH AVE., SUITE 620
ANCHORAGE, AK 99501
(907) 276-7762
FAX (907) 263-8671

Complaint

--- 21 ---

d.  Monetary damages sufficient to compensate all plaintiffs for their emotional distress;

e.  For punitive damages against each defendant for which such damages are allowable by law in an appropriate amount;

f.  For appropriate prejudgment and post-judgment interest in the maximum amount allowable by law;

g.  An award of costs, attorneys' fees, interest, and other relief as the Court may deem just and equitable;

h.  A trial by jury under the plaintiffs' constitutional rights to same is likewise demanded.

DATED this 26ᵗʰ day of February 2008 at Anchorage, Alaska.

WADE, KELLY & SULLIVAN
Co-Counsel for Plaintiffs,
Andersons and Dietzmann

By: *Phillip Paul Weidner for*
Pamela S. Sullivan, Esq., ABA 9711072

WADE, KELLY & SULLIVAN
Co-Counsel for Plaintiffs,
Andersons and Dietzmann

By: *Phillip Paul Weidner for*
Marion C. Kelly, Esq., ABA 9711064

PHILLIP PAUL WEIDNER & ASSOCIATES
Co-Counsel for Plaintiffs,
Andersons and Dietzmann

By: *Phillip Paul Weidner*
Phillip Paul Weidner, Esq., ABA No. 7305032

WADE, KELLY & SULLIVAN
425 G STREET, 4TH AVE., SUITE 425
ANCHORAGE, AK 00000
(907) 65-7743
FAX (907) 646-4577

Complaint